IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD H. HOLDSWORTH,           )
                                )
            Plaintiff,           )
                                )
   -vs-                          )          Civil Action No.  15-188
                                )
CAROLYN W. COLVIN,              )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
            Defendant.           )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and

15).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16).  After

careful consideration of the submissions of the parties, and based on my Opinion set forth

below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting

Defendant's Motion for Summary Judgment. (ECF No. 15).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security ("Commissioner") denying his application for social security income (SSI) pursuant to

the Social Security Act ("Act").  Therein, Plaintiff asserted he had been disabled since August

15, 2004.[1]  (ECF No. 9-7, p. 2).  Administrative Law Judge ("ALJ"), William Bezego, held a

hearing on January 14, 2014.  (ECF No. 9-3, pp. 2-29).  On March 10, 2014, the ALJ found that

Plaintiff was not disabled under the Act.  (ECF No. 9-2, pp. 14-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this

court.  The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 15).

The issues are now ripe for review.

---

[1] Plaintiff filed prior applications for SSI and disability insurance benefits. (ECF No. 9-2, p. 14). The denial
of Plaintiff's prior applications became final on February 2, 2011.  *Id.*  The ALJ found no reason to reopen
the prior application. *Id.* As such, the period of disability at issue begins on February 3, 2011. *Id.*

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Global Assessment of Functioning ("GAF")[2] Scale[3]

Plaintiff argues that the ALJ erred in giving undue weight to his GAF scores. (ECF No. 12, pp. 1, 13-17). Specifically, Plaintiff suggests that the ALJ credits GAF score over other medical and lay evidence. *Id.* at p. 13. Thus, Plaintiff concludes that remand is necessary. After a review of the evidence, I disagree.

GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100.

[3]I note that Plaintiff begins the argument section of his Brief discussing the ALJ's decision and plainly states that he is "not contesting the ALJ's conclusion that his mental impairments do not meet or equal a Listing at step 3…." (ECF No. 12, p. 10). As a result, I decline to discuss any issues that Plaintiff mentions therein. (ECF No. 12, pp. 11-13). Consequently, I begin the first specific issue raised: "Whether the final decision gives undue weight to GAF scores." (ECF No. 12, pp. 1, 13-17).

the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.* Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled and must be considered as such. The ALJ did just that. *See,* ECF No. 9-2, pp. 23-27. Throughout his decision, the ALJ noted a particular GAF score when it was set forth in a treatment record. *Id.* Thus, I find that the ALJ appropriately discussed Plaintiff's GAF scores. Furthermore, based on the record, I find that the ALJ's opinion with regard to the GAF scores is based on substantial evidence. *Id.* Consequently, I find no error in this regard.[4]

### C. Consultative Examiner

Plaintiff next argues that the ALJ erred in rejecting the opinion of Dr. Billings, the consultative examiner, in favor of the opinion of Dr. Milke, the non-examining state agency doctor. (ECF No. 12, pp. 17-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature

---

[4]Within the GAF argument section, Plaintiff suggests that the ALJ also made unfair assessments of the evidence. *See,* ECF No. 12, pp. 15-17. I have reviewed each alleged unfair assessment. Based on the evidence of record, I do not find the ALJ's statements about Plaintiff's improvement, about Plaintiff taking a new boarder in his apartment and noting Plaintiff's dental work to be improper in any way. As such, remand is not warranted on this basis.

and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). To that end, state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In support of his argument, Plaintiff points to evidence that he believes supports Dr. Billings' opinion. (ECF No. 12, pp. 17-18). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Nevertheless, I have reviewed the record. The ALJ was faced with conflicting opinion evidence. As such, he was charged with weighing the same as set forth above. With regard to Dr. Billings, the ALJ gave his opinion some weight as it relates to Plaintiff's ability to perform simple, routine and repetitive tasks in an environment that requires minimal contact with others. (ECF No. 9-2, p. 29). He gave Dr. Billings' opinion little weight as it relates to Plaintiff's ability to respond appropriately to work pressures and changes in a routine setting because it was based on Plaintiff's subjective reports and because it was inconsistent with other evidence of record. *Id.* Thereafter, the ALJ gave great weight to the opinion of Dr. Milke, the state agency non-examining doctor, because it was well supported by the substantial evidence of record. *Id.* Based on my review of the record, I find the reasons given by the ALJ in weighing the opinions of Drs. Billings and Milke to be appropriate, sufficiently explained and supported by substantial evidence of record. (ECF No. 9-2, pp. 20-30); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD H. HOLDSWORTH,                        )
                                             )
            Plaintiff,                       )
                                             )
      -vs-                                   )          Civil Action No.  15-188
                                             )
CAROLYN W. COLVIN,                           )
COMMISSIONER OF SOCIAL SECURITY,             )
                                             )
            Defendant.                       )

AMBROSE, Senior District Judge


## ORDER OF COURT

THEREFORE, this 27th day of April, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                              BY THE COURT:

                              s/  Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge